UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:16-CR-89-TAV-DCP-5 |
| CIARA WINCKLER, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's pro se motion requesting jail credit [Doc. 176]. Defendant states that she did not receive credit towards her sentence for the time between her arrest and sentencing [*Id.*].

This request cannot be granted: "This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b)," *United States v. Williams*, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008), because "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3535(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons."). If the Bureau of Prisons declines to credit the defendant's time served, she may then raise her claims through its Administrative Remedy Program. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, et seq.). After exhausting her administrative remedies, the defendant may then petition for a writ of habeas corpus under

28 U.S.C. § 2241, a petition which must be filed in defendant's district of confinement, rather than here, in the sentencing Court.

Accordingly, defendant's motion requesting jail credit is hereby **DENIED** [Doc. 116].

IT IS SO ORDERED.

                                             s/ Thomas A. Varlan
                                             UNITED STATES DISTRICT JUDGE