UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:16-CR-89-TAV-DCP-5 |
| CIARA WINCKLER, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's pro se motion to recalculate her sentence [Doc. 182]. As background, defendant previously filed a pro se motion for jail credits [Doc. 176], which this Court denied, noting that the award of jail credits was a matter for the Bureau of Prisons ("BOP"), not the Court [Doc. 177]. The Court instructed defendant that, if the BOP declined to credit her for the requested time, she could raise her claims through the BOP's Administrative Remedy Program, and, after exhausting those remedies, could file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in her district of confinement [*Id.*]. Defendant now contends that she has exhausted her administrative remedies and was informed that she could not receive the requested jail credits unless ordered by a federal judge [Doc. 182].

As the Court previously explained, it cannot grant defendant's request, because "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3535(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v.*

*Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons."). The Court previously informed defendant that, if she exhausted her administrative remedies through the Bureau of Prisons, she could file a petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition which must be filed in defendant's district of confinement. *See Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, *et seq.*). At the time of her filing, defendant was housed in Federal Correctional Institution, Aliceville, which is located within the jurisdiction of the Northern District of Alabama. Any section 2241 petition regarding defendant's jail credits should, accordingly, be filed in that district.

Moreover, to the extent that defendant's motion requests that the Court now amend her sentence to state that it is to run concurrently with state charges in Knox and Blount counties, she has cited no authority that would allow the Court to amend her sentence. *See United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (stating that a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed sentence of imprisonment to the extent otherwise permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"). Defendant has identified no statutory or Rule 35 basis for amending her sentence. Accordingly, defendant's motion to recalculate her sentence [Doc. 182] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE